UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DeANDRE R. WATKINS, | ) |
| Plaintiff, | ) |
| v. | ) 14-CV-4075 |
| ROCK ISLAND POLICE DEPT., JOHN DOES 1-8, AND N.E.T.S., | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

JAMES E. SHADID, U.S. District Judge.

Plaintiff, proceeding pro se and incarcerated in Vienna Correctional Center, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that, on October 29, 2012, at around 5:00 p.m., an unspecified number of unidentified officers arrested Plaintiff at an undisclosed location, hand cuffed him, and beat him repeatedly. He alleges that he sustained neck injuries, a broken collar bone, cuts on his wrists, and a "busted right ear drum." The medical records attached to his complaint corroborate a spinous process fracture and some swelling and abrasions, but no perforated ear drum or broken collar bone.[1] He contends that he was not charged with resisting arrest or fleeing, but he does not say whether he actually did resist arrest or flee.

Plaintiff's allegations and attachments leave too many questions unanswered to discern a Fourth Amendment excessive force claim. The legal standard is whether "the officers' actions were objectively reasonable in light of the totality of the circumstances." *Fitzgerald v. Santoro*, 707 F.3d 725, 733 (7th Cir. 2013). No facts are alleged about the circumstances surrounding the alleged excessive force. For example, did Plaintiff resist and/or flee the officers? Plaintiff's attachments suggest that he was not actually taken into custody on October 29, 2012. His medical

---

[1] Plaintiff also seeks money for lost wages, but as far as the Court can tell he has been continuously incarcerated since November of 2012.

records show that he arrived at the emergency room on his own the night of the alleged excessive force. (Dr. Mohr Physician Note dated 10/29/12, p. 19 of Complaint.) And, Plaintiff's Rock Island criminal case, 2012CF1011, of which the Court takes judicial notice, reflects that though Plaintiff was charged with a drug crime on October 29, 2012, a warrant did not issue until November 19, 2012.

What does Plaintiff mean he was "arrested" on October 29, 2012? How many officers were present? Where? For what reason was Plaintiff arrested? What directions did the officers give Plaintiff? What was Plaintiff's response? How many officers hit Plaintiff? How and where was Plaintiff hit? Did Plaintiff resist? Was Plaintiff taken to the jail, and, if so, when and why was he released? In short, not enough facts are alleged for the Court to understand what happened on October 29, 2012.

Additionally, Plaintiff sues eight unidentified detectives, some from the Rock Island police department and some from the Davenport police department. However, Plaintiff alleges that he was arrested only by the Rock Island police department. What did the Davenport police officers have to do with Plaintiff's arrest? Only

individuals who personally used excessive force or who were present and could have intervened to stop the force can be liable. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012). The police departments and "N.E.T.S." are not suable entities. *See Gray v. City of Chicago*, 159 F.Supp.2d 1086 (N.D. Ill. 2001)(Chicago Police Department does not have legal existence separate from City of Chicago); Hall v. Village of Flossmoor Police Dept., 2012 WL 379902 *2 (N.D. Ill. 2012)(not reported in Federal Reporter)("Police departments are departments of the municipalities they serve; they do not have distinct legal existences under Illinois law.").

**IT IS THEREFORE ORDERED:**

    1) Plaintiff's complaint is dismissed without prejudice.

    2) By January 9, 2015, Plaintiff may file an amended complaint, or this case will be dismissed without prejudice and closed.

    3) According to a search of computerized records, this is Plaintiff's first federal case. If Plaintiff did not understand what the applicable legal standard was when he filed this Complaint, then by January 9, 2015, Plaintiff may file a motion for voluntary dismissal rather than an amended complaint. This case will then be

dismissed, without prejudice, and no further deductions will be taken from Plaintiff's trust fund account.

4) Plaintiff's motion for status is denied as moot (8).

ENTERED: December 11, 2014.

FOR THE COURT:

                                  **James E. Shadid**
                                  JAMES E. SHADID
                               UNITED STATES DISTRICT JUDGE