# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

DeAndre R. Watkins )
)
Plaintiff )
)
)
vs. )
)
Phillip W. Anderson #1326 )
J. W. Holmes #1270 )
Special Agent Waddle )
Special Agent Johnson )
Sgt. M.P. Edwards #1163 )
P.R. Girskis #1251 )
Officer Muehler )
City of Rock Island , )
)
Defendant(s) )

Case No. 14 C 4075
*(The case number will be assigned by the clerk)*

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☑ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

## I. FEDERAL JURISDICTION

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: DeAndre R. Watkins

Prison Identification Number: R72643

Current address: Vienna Correctional Center, 6695 State Route 146 East, Vienna, Il. 62995

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Phillip W. Anderson #1226

Current Job Title: Police Officer

Current Work Address Rock Island Police Dept. 316 16th Street, Rock Island, IL 61201

Defendant #2:

Full Name: J.W. Holmes #1270

Current Job Title: Police Officer

Current Work Address Rock Island Police Dept. 316 16th Street, Rock Island, Il. 61201

Defendant #3:

Full Name: Weddle

Current Job Title: Special Agent

Current Work Address ___ Rock Island Police Dept. 316 16th Street, Rock Island IL 61201

Defendant #4:

Full Name: Johnson

Current Job Title: Special Agent

Current Work Address ___ Rock Island Police Dept. 316 16th Street, Rock Island, IL 61201

Defendant #5:

Full Name: Matthew P. Edwards #1163

Current Job Title: Sargent

Current Work Address ___ Rock Island Police Dept. 316 16th Street Rock Island IL 61201

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?        Yes ☐        No ☑

If yes, please describe N/A _____
_____ N/A

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐        No ☑

C. If your answer to B is yes, how many? N/A        Describe the lawsuit(s) below.

3

Defendant #6
Full Name: Paul R. Girskis #1251
Current Job Title: Police Officer
Current Work Address:                    Rock Island Police Dept.
                        316 16th Street, Rock Island, Il. 61201

Defendant #7
Full Name: Muehler
Current Job Title: Police Officer
Current Work Address:                    Rock Island Police Dept.
                        316 16th Street, Rock Island, IL 61201

Defendant #8
Full Name: City of Rock Island
Current Job Title: City of Rock Island
Current Work Address:          Rock Island City Hall

1. Name of Case, Court and Docket Number N/A

2. Basic claim made N/A

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) N/A

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?   Yes ☐   No ☑

B. Have you filed a grievance concerning the facts relating to this complaint?

Yes ☐   No ☑

If your answer is no, explain why not This matter did not take place nor did it happen in a institution, this concerns Rock Island Police Officers/Department

C. Is the grievance process completed?   Yes ☑   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence _____

4

Date(s) of the occurrence 10/29/2012

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

## RELIEF REQUESTED

(State what relief you want from the court.)

I DeAndre R. Watkins pray for entry of judgement against defendants

7

In The United States District Court
For The Central District Of Illinois
Central Division

DeAndre R. Watkins,

     Plaintiff,

     V.

Officer Phillip W. Anderson, Officer
J.W. Holmes, Special Agent Waddle,
Special Agent Johnson, Sgt. Matthew
P. Edwards, Officer Paul R. Girskis,
Officer Muehler, and City of Rock
Island

     Defendant(s)

Case No. 14 C 4075

Judge: James E. Shadid

## Amended Complaint

For his Amended Complaint, DeAndre R. Watkins
states as follows:

## Parties

1.) Plaintiff, DeAndre R. Watkins, is a resident of the State
of Illinois, and a citizen of the United States.

2) Defendant, Phillip W. Anderson, Star No. 1226, was at all times relevant hereto employed by the City of Rock Island Police Department and was acting under color of State law as an employee, agent, or representative of the City of Rock Island Police Department. This defendant is being sued in his individual capacity.

3.) Defendant, J.W. Holmes, Star No. 1270, was at all times relevant hereto employed by the City of Rock Island Police Department and was acting under color of State law as an employee, agent, or representative of the City of Rock Island Police Department. This defendant is being sued in his individual capacity.

4.) Defendant, Special Agent Waddle, was at all times relevant hereto employed by the City of Rock Island Police Department and was acting under color of State law as an employee, agent, or representative of the City of Rock Island Police Department. This defendant is being sued in his individual capacity.

5.) Defendant, Special Agent Johnson, was at all times relevant hereto employed by the City of Rock Island Police Department and was acting under color of State law as an employee, agent, or representative of the City of Rock Island Police Department. This defendant is being sued in his individual capacity.

6.) Defendant, Sgt. Matthew P. Edwards, Star No. 1163, was at all times relevant hereto employed by the City of Rock Island Police Department and was acting under color of State law as an employee, agent, or representative of the City of Rock Island Police Department. This

defendant is being sued in his individual capacity.

7.) Defendant, Officer Muehler, was at all times relevant hereto employed by the City of Rock Island Police Department and was acting under color of State law as an employee, agent, or representative of the City of Rock Island Police Department. This defendant is being sued in his individual capacity.

8.) At all relevant times City of Rock Island was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Rock Island maintained, managed, and/or operated the City of Rock Island Police Department.

## Jurisdiction And Venue

9.) This action arises under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1343 and 1367.

10.) Venue in this district is proper pursuant to 28 U.S.C. Section 1391 as the acts complained of occurred in the Central District of Illinois.

## Facts Giving Rise To This Complaint

11.) On 10/29/2012 at approximately 1600 hours while at work

3

I the plaintiff recived a phone call from defendant Girskis star no 1251 (also Known as Zack) asking to buy some crack cocaine.

12.) I the plaintiff, stated I was at work and get off about 30 min., I will find a ride to come serve defendant Girskis star no. 1251 (Known as Zack).

13.) I the plaintiff could not leave work yet do to my job discription (Chef), so I the plaintiff, call City and told him I needed a ride to go serve defendant Girskis (Known as Zack)

14.) City advise the plaintiff, that do to being at work, he would go serve the defendant Girskis (Known as Zack) for the plaintiff.

15.) City call the plaintiff back at approximately 1639 hours saying that defendant Girskis (Known as Zack) didn't want to deal with City and only wanted to deal with plaintiff.

16.) Plaintiff told City, plaintiff will call defendant Girskis (Known as Zack).

17.) Plaintiff then called defendant Girskis (Known as Zack) on told defendant, plaintiff was on my way an that I was getting a ride from City.

18.) Defendant Girskis (Known as Zack) said he understood an to met him at Taco Bell located at 1533 38th street, plaintiff said ok.

4

19.) Then defendant Girskis (Known as Zack) discribed on the phone what vehicle he was driving, directed us to park next to him.

20.) Plaintiff and City arrived at the location, plaintiff then exited the car from the passenger side of City car.

21.) Plaintiff entered on the passenger side of defendant Girskis (Known as Zack) car.

22.) Once plaintiff was in the vehicle, plaintiff told defendant Girskis (Known as Zack) that the black SUV that was behind us over to my left looked suspicious and look like the police.

23.) Plaintiff still proceeded to do the transaction.

24.) Plaintiff retrive a plastic bag from my coat pocket containing crack cocain and past it to defendant Girskis (Known as Zack).

25.) Defendant Girskis (Known as Zack) ask plaintiff what was the quailty of the drugs, then held it in the air, which was unusual so plaintiff ask to see the drugs.

26.) Before plaintiff could grab the drugs back from defendant Girskis (Known as Zack) the black SUV started to approach the car.

27.) So plaintiff jumped out of defendant Girskis (known as Zack) car an started running to my right, as I look behind me to see how far the police officer from the black SUV truck was from me, which later plaintiff learn to be defendant Anderson star no. 1226.

28.) Out of plaintiff peripheral view, I saw a squad car try to hit plaintiff, so plaintiff jumped the front of the car and kept running west. See attached exhibit A and exhibit B reveals times and dates, not supported by times and dates when these reports, was actually process, by Rock Island Police Department.

29.) As plaintiff looked behind himself, plaintiff saw defendant Anderson star no. 1226 running behind me, defendant Anderson was wearing a mask.

30.) Plaintiff came out of my coat and hat to run faster, plaintiff ran a couple alleies trying to lose defendant Anderson star no. 1226 which was not easy.

31.) Plaintiff then started to jump gates an pick up my speed as I jump a gate an saw that I had distance on defendant Anderson star no. 1226.

32.) Plaintiff ran in a circle an jump another gate as I realize I had lost defendant Anderson star no. 1226 I notice a man

cleaning a deer in his garage, plaintiff open the door to the garage an ask the man if I could hide in his garage because the police was chasing me.

33.) Plaintiff then offered him some money to hide me, the man said no to my money, but yes to me hideing in his garage (he the owner of the garage) inform me that I could hide underneath some clothes which appear to be some hunting gear.

34.) While hiding under the clothes plaintiff retrived his phone from my pants pocket an call my girlfriend and told her I was being chase by the police in Rock Island, and to try to come an get me.

35.) 2 to 3 min. into our conversation the plaintiff heard a knock at the garage door, when the garage owner open the door a police ask the owner if he saw a black male running in this area, the garage owner replied no, that he was to busy gutting and cleaning out a deer.

36.) The defendant Anderson star no. 1826 replied ok an the garage owner close the door.

37.) Plaintiff start back talking on the phone to my girlfriend telling her more details about my run-in with the police, the garage owner inform me that I was talking to loud on the phone.

38.) Within 5 to 7 min. another knock came to the door, when the garge owner

open the door, the defendant Anderson star no. 1226 told the owner that he was about to get a warrant for his garage an if he found someone in there that defendant Anderson star no. 1226 was going to charge him with what ever he charge the plaintiff with.

39.) The owner of the garage step out in close the door, two min. later the door open up an the plaintiff saw two pair of shoes while still hiding underneath the clothes, entering the garage.

40.) Plaintiff whispered in the phone an told my girlfriend I was caught, as I saw the shoes getting closer in closer plaintiff heard the defendant Anderson star no. 1226 yell come out with your hands up, before the plaintiff could remove the coat that was over me, defendant Anderson star no. 1226 removed the coat.

41.) Plaintiff had his hands up, plaintiff turn his head to look, the defendant Anderson star no. 1226 Kick me in the face which cause the plaintiff to lose consciousness.

42.) When plaintiff gain consciousness I was in the center of the garage, that's not where I was when the defendant Anderson star no. 1226 Kick the plaintiff in the face and caused plaintiff to lose consciousness.

43.) Plaintiff was awaken by defendant Anderson star no. 1226

8

snatching plaintiff by the hard hand cuffs saying get up you fuckin whimp get up.

44.) After plaintiff gain his composure an was able to stand up the defendant's Anderson star no. 1226 and Holmes star no. 1270 put plaintiff in the back of the squad car where plaintiff sat about 3 min., while sitting in the car plaintiff ask the defendants Anderson star no. 1226 and Holmes star no. 1270 who was driving, could the plaintiff get some medical attention.

45.) Defendant Special Agent Waddle also entered the garage with defendant's Anderson star no. 1226 and Holmes star no. 1270 where plaintiff sustained all his injuries to left wrist, head, forehead, neck and ear. See attached exhibit B by Rock Island Police Department showing which defendant's entered the garage and exhibit D1-15 Genesis West Hospital showing plaintiff injuries and that plaintiff was assaulted by defendants

46.) Plaintiff thought defendants Anderson star no. 1226 and Holmes star no. 1270 were going to be transporting him, once the plaintiff realize that it was another officer, plaintiff ask could he get some medical attention. This officer replied he was just a transporter, plaintiff replied several times I'm in pain.

47.) Plaintiff was transported to Rock Island Police Department where plaintiff was held and put in a room for about 2 hours an was laying my head on the table.

9

48.) Plaintiff couldn't bare the pain in my neck so I got on the floor an laid down so I could put my neck in a better postion to ease the throbing pain.

49.) Then Sgt. Smull and defendant Anderson star no. 1886 entered the room, they order plaintiff to get upon seat in the chair, plaintiff said my neck hurts an my right side of the face feels like you all was stomping me, I need some medical attention please.

50.) Defendant Anderson star no. 1886 and Sgt. Smull said if the plaintiff listen an complied with them defendant Anderson star no. 1886 and Sgt. Smull, it's a possible chance the plaintiff could take myself to the Hospital an get medical attention myself.

51.) So defendant Anderson star no. 1886 ask the plaintiff am I willing to comply, plaintiff said yes, defendant Anderson star no. 1886 said sign this paper here, saying plaintiff would comply, plaintiff did.

52.) Defendant Anderson star no. 1886 ask plaintiff what happen at Taco Bell, plaintiff look at him an said really Zack, this whole time you was the police, defendant Anderson star no. 1886 replied what are you talking about, plaintiff just started smiling.

53.) Defendant Anderson star no. 1886 ask plaintiff how many times plaintiff had served defendant Girskis star no. 1851 crack cocaine plaintiff said a couple of time.

54.) Defendant Anderson star no. 1226 advised plaintiff that plaintiff had charge pending on him for control substance of a Man/del.

55.) Plaintiff replied ok, defendant Anderson star no. 1226 proceeded talking, ask where plaintiff get the cocaine from an how much, plaintiff avoided defendant Anderson star no. 1226 quetion by out lashing saying damn I knew that was you all, Rock Island Police Department in that black SUV.

56.) Defendant Anderson star no. 1226 repeated the same quetion, plaintiff told defendant Anderson star no. 1226 I get 8 balls for $150.00 an break them down for more profit.

57.) Defendant Anderson star no. 1226 ask what else plaintiff do, plaintiff said work at Olive Garden as a Cheif, defendant Anderson star no. 1226 replied other than that, plaintiff replied nothing.

58.) Sgt. Smulls replies you gonna play games with us or you going to comply or we Sgt. Smulls and defendant Anderson star no. 1226 will just process plaintiff in and call it a day.

59.) Because we defendant Anderson star no. 1226 and Sgt. Smulls know you do something else, plaintiff said ok I sell weed to people to, but only a little like 2-3 ounce at a time.

60.) Defendant Anderson star no. 1226 ask plaintiff have plaintiff

ever heard three for one, plaintiff replied no, defendant Anderson star no. 1226 said give them 3 people on the charges that was pending would go away, plaintiff said ok.

61.) Defendant Anderson star no. 1226 and Sgt. Smull ask plaintiff about a couple of individuals but mainly about one individual, they ask was plaintiff willing to set that person up, plaintiff said yes and gave defendant Anderson star no. 1226 and Sgt. Smull a little information about that person.

62.) The defendant Anderson star no. 1226 inform plaintiff how things was going to go, and defendant Anderson star no. 1226 and Sgt. Smull would be back, plaintiff ask how long because plaintiff was in pain, they replied give them a minute to discuss some things over.

63.) 20 to 30 minutes past defendant Anderson star no. 1226 and Sgt. Smull came back to the room an told plaintiff that he had to stay in contact with them and in a couple days defendant Anderson star no. 1226 and Sgt. Smull would call, to let things die down a little so things wont be so supecious.

64.) Plaintiff, defendant Anderson star no. 1226 and Sgt. Smull exited the Rock Island Police Department an got into a truck where where they gave plaintiff phone an coat, plaintiff call on friend an told that person plaintiff was release from jail an to come get plaintiff from Davenport downtown, that person said ok.

12

65.) Defendant Anderson star no. 1226 and Sgt Smull drove plaintiff over to Davenport an let plaintiff out, an defendant Anderson star no. 1226 and Sgt. Smull park were they could see plaintiff enter the person vehicle. See attached exhibit C Rock Island Police Department case supplemental report.

66.) That person ask what happen, plaintiff told the individual the police assualted me, an could you please take me straight to the emergy room because plaintiff was in pain, very bad pain.

67.) Plaintiff later learn about his injuries plaintiff sustained from the defendant's Rock Island Police to plaintiff Left wrist, head, forehead, neck, and ear. See attached exhibit D 1-15 medical records .

68.) Plaintiff was hospitalize for a day and a half, upon my release a friend came an pick plaintiff up from the hospital, took plaintiff home and made sure plaintiff had prescribe medication an help plaintiff get well.

69.) The petitioner was not armed during this arrest or anytime.

70.) The officers did not suffer any injuries during this physical encounter.

71.) The aforementioned acts of the Police Officers were

13

willful, wanton, malicious, oppressive, and done with reckless and/or callous disregard for the plaintiff rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained accord to proof at the time of trial.

## Count 1
## 42 U.S.C. § 1983 : Excessive Force Against The Officers

72.) Plaintiff re-alleges paragraph 1 thru 71 of this complaint as it fully stated herein.

73.) By kicking plaintiff in the face causing the petitioner to lose consciousness for a period of time, while beating him.

74.) Causing the plaintiff to suffer injuries to left wrist, head, forehead, neck, and ear while petitioner was unconsciousn.

75.) While the plaintiff was helplessly and peaceably unconscious on the ground of the garage the officer's engaged in conduct that was objectively unreasonable and constituted the use of excessive force.

76.) Because the plaintiff was unarmed, posed no threat to the officer's, and was not resisting arrest, the officers conduct was not reasonably necessary under the circumstances.