UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DeANDRE R. WATKINS, )
)
   Plaintiff, )
)
v. ) 14-CV-4075
)
PHILLIP ANDERSON, et al., )
)
   Defendants. )

## ORDER

**JAMES E. SHADID, U.S. District Judge.**

    Plaintiff, proceeding pro se from his incarceration in Sheridan Correctional Center, pursues Fourth Amendment claims arising from alleged excessive force incident to his arrest and the subsequent denial of medical care.  The Court also allowed Plaintiff to proceed on supplemental state law claims for assault and battery. The case is ready for a scheduling order, but first the Court will rule on the pending motions to dismiss.

    Defendants move to dismiss the supplemental state law claims, arguing that a one-year statute of limitations bars the claims.  The Court agrees.  <u>Williams v. Lampe</u>, 399 F.3d 867,  (7th Cir. 2005)(42 U.S.C. § 1983 claim had a two-year statute of

limitation, but the supplemental state law claim had a one year statute of limitation); 745 IlCS 10/8-101.  The alleged incidents occurred on October 29, 2012, nearly two years before Plaintiff filed this lawsuit on August 19, 2014.  However, Plaintiff is correct that he timely filed his federal claims, which are governed by a two-year statute of limitations.  Bryant v. City of Chicago, 746 F.3d 239, 241 (7th Cir. 2014)(In Illinois, § 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202).

Defendants Johnson, Edwards, Girksis, and Muehler move to dismiss the federal claims against them on the grounds that Plaintiff does not specify how these officers personally participated in the excessive force or the denial of medical care.  However, an exhibit attached to Plaintiff's complaint states that these officers were present at the scene, along with Officers Anderson, Holmes, and Waddle.  (Amended Complaint, Exhibit B.)  A plausible inference arises, at least at the notice pleading stage, that the officers at the scene may have participated in the alleged constitutional violations or at least failed to intervene to prevent the constitutional violations.  A developed factual record may show otherwise, but dismissal at this stage would be premature.

The City of Rock Island was kept in the case for indemnification purposes. (Merit Review Order, d/e 12.) The City now moves to dismiss any claims against it based on respondeat superior liability or an unconstitutional City policy. The unconstitutional policy claim was already dismissed in the Court's merit review order, and the City is correct that it cannot be held liable on the federal claims on the basis of respondeat superior. <u>Monell v. Dept. of Soc. Services of the City of New York</u>, 436 U.S. 658 (1978). However, the City will stay in as a defendant on a possible indemnification claim under 745 ICLS 10/9-102. <u>Wilson v. City of Chicago</u>, 120 F.3d 681, 684 (7th Cir. 1997)(745 ILCS 10/9-102 claim against city properly joined in § 1983 civil rights action).

**IT IS THEREFORE ORDERED:**

(1) Defendants' motions to dismiss are granted in part and denied in part (27, 28, 29, 30). Plaintiff's supplemental state law claims for assault and battery are dismissed, with prejudice, as barred by the one year statute of limitations.

(2) To the extent Plaintiff pursues a respondeat superior or unconstitutional policy claim against the City of Rock Island, those claims are dismissed for failure to state a claim. The City of Rock Island remains a defendant regarding indemnification under 745 ILCS 10/9-102.

(3) A scheduling order will enter separately.

ENTERED: April 16, 2015

FOR THE COURT:

                                          s/James E. Shadid
                                      JAMES E. SHADID
                                UNITED STATES DISTRICT JUDGE