**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| DEANDRE R. WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14 – cv - 4075 |
| | ) | |
| PHILLIP W. ANDERSON, J.W. HOLMES, | ) | |
| SPECIAL AGENT WADDLE, SPECIAL | ) | |
| AGENT JOHNSON, SGT. M.P. | ) | |
| EDWARDS, P.R. GIRSKIS, OFFICER | ) | |
| MUEHLER and CITY OF ROCK ISLAND, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR RULE 37 SANCTIONS

NOW COME the Defendants, ANDERSON, HOLMES, WADDLE, EDWARDS, GIRSKIS, MUEHLER and CITY OF ROCK ISLAND by and through their attorneys, Pappas Davidson O'Connor & Fildes, P.C., and moves this Honorable Court to dismiss the Plaintiff's Complaint for his failure to comply with this Court's orders, failure to respond to the Defendants' Rule 34 Request to Produce Documents and the failure to provide complete answers to Defendants' Rule 33 Interrogatories. Additionally, the Defendants seek the award of costs in presenting this motion. In support thereof, the Defendants state as follows:

1. The Plaintiff's complaint must be dismissed pursuant to Rule 37 because the Plaintiff failed to comply the Court's order of April 16, 2015 (doc. 42), failed to answer Defendants' Rule 34 Request to Produce and provided incomplete answers to Defendants' Rule 33 Interrogatories.

## I. GENERAL FACTS

2. On April 16, 2015, the Court entered a discovery order stating that by May 18, 2015, the Plaintiff was to provide to the Defendants the following information:

>a. The names of the persons with knowledge of the relevant incidents whom Plaintiff may use to support his claims, along with a short description of what each person knows;
>
>b. Copies of documents Plaintiff possesses which Plaintiff may use to support his claims;
>
>c. Any information Plaintiff has to help identify the Doe defendants, if Doe Defendants are named;
>
>d. A statement of the injuries Plaintiff suffered and the relief Plaintiff seeks.

(doc. 42 at par. 5 (a)-(d)). As of the date of this motion, the plaintiff failed to comply with this order and disclose the required information.

3. On April 22, 2015, the Defendants sent the Plaintiff Rule 33 Interrogatories and Rule 34 Request to Produce. The responses to this discovery were due on May 24, 2015. When the Plaintiff failed to comply with the Court's order and the Defendants' discovery requests, the Defendants sent a letter to the Plaintiff requesting compliance in an attempt to resolve the discovery disputes. (See, Defendants' letter of June 6, 2015, attached as Ex. A). The Defendants requested compliance with the Court's order and Defendants' written discovery by June 22, 2015.

4. On June 22, 2015, the Defendants received Plaintiff's answers to interrogatories. (See, redacted Plaintiff's answers to interrogatories attached as Ex. B). The Plaintiff's answers to interrogatories are incomplete as follows:

>Interrogatory 1 is incomplete because it does not provide the complete address for Cleveland Harmon;

Interrogatory 8 is incomplete with regard to the identity of any medical treatment received by the Plaintiff for the claimed psychological treatment and the dates for same;

Interrogatory 9 is incomplete with regard to the claimed photos as to who took them and who is in possession of same;

Interrogatory 13 is incomplete regarding the Plaintiff's criminal history; and

Interrogatory 19 is incomplete with regard the identity of any medical treatment received by the plaintiff for his claimed continuing complaints.

(See, Plaintiff's answers to interrogatories at answer 1, 8, 9, 13 and 19).

5. As of the date of this motion, the Plaintiff has failed to comply with the Court's order of April 22, 2015 and the Defendants' Rule 34 Request to Produce Documents in their entirety. (See, Defendants' Rule 34 Request to Produce Documents attached as Ex. C).

6. This motion is brought within 14 days after the receipt of Plaintiff's incomplete discovery responses.

## **II. LAW**

7. Rule 37 provides in pertinent part:

\*\*\*

    (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
       (i) a deponent fails to answer a question asked under Rule 30 or 31;
       (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
       (iii) a party fails to answer an interrogatory submitted under Rule 33; or
       (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

\*\*\*
(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.
 (5) *Payment of Expenses; Protective Orders.*

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

    (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

    (iii) other circumstances make an award of expenses unjust.

\*\*\*

(b) Failure to Comply with a Court Order.

\*\*\*

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) For Not Obeying a Discovery Order. If a party … fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii) striking pleadings in whole or in part;

    (iv) staying further proceedings until the order is obeyed;

    (v) dismissing the action or proceeding in whole or in part;

    (vi) rendering a default judgment against the disobedient party; or

    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

\*\*\*

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Rule 37 of the Fed. Code of Civ. Pro.

8.      The Plaintiff is incarcerated and consequently there is no requirement to meet and confer regarding discovery disputes. Accordingly, the local court rules provide:

> RULE 37.3 DISCOVERY (A) The requirement of Rule 37(a)(1) that the parties confer and attempt to resolve discovery disputes and so certify as part of any motion to compel do not apply to cases in which the plaintiff is incarcerated.

CDIL-LR 37.3(A).

## III. ARGUMENT

### A. The Plaintiff's complaint must be dismissed for his failure to comply with the Court's order of April 22, 2015.

9.      Pursuant to Rule 37(b)(2)(A), the Plaintiff failed to comply with the Court's order of April 22, 2015 mandating the disclosures of witnesses and evidence that will support the Plaintiff's claim of liability and damages. The Plaintiff's noncompliance with the Court's order is willful. In order to attempt to resolve the discovery dispute and remind the Plaintiff of the Court's order, the Defendants sent a letter demanding compliance and offered to extend the compliance date to June 22, 2015. (Ex. A). However, the Plaintiff ignored the Court's order and the Defendants' request for compliance. The Defendants are prejudiced by the Plaintiff's failure to comply with the Court's order because the Defendants are denied the opportunity to investigate the evidence the Plaintiff has to prove liability and damages.

10.     Pursuant to Rule 37(b)(2)(A)(v), the Court has the discretion to dismiss the Plaintiff's complaint as a sanction for his failure to comply with the Court's order. Dismissal is appropriate where the plaintiff was given an extension to comply with the court's order but failed to do so and the noncompliance was willful. Watkins v. Neilsen 2010 U.S. App. LEXIS 25775 at 11-12 (7th Cir. 2010). Moreover, the Defendants are entitled to reasonable expenses and attorneys' fees for the Plaintiff's failure to comply with the Court's order pursuant to Rule 37(b)(2)(C).

**B. The Defendants move to compel the Plaintiff to answer the Rule 34 Request to Produce Documents and provide complete answers to the Rule 33 Interrogatories.**

11. Pursuant to Rule 37(a)(3)(B)(iii) and (iv), the Defendants request an order compelling the Plaintiff to comply with the Defendants' Rule 34 Request to Produce Documents and provide complete answers to the Defendants' Rule 33 Interrogatories. The Plaintiff's failure to comply with the Rule 34 Request is willful. After the time expired for the Plaintiff to comply with the Rule 34 Request, the Defendants sent a letter to the Plaintiff demanding compliance and offered to extend the date to comply with the Rule 34 Request to June 22, 2015, in an attempt to avoid a sanction motion. However, the Plaintiff ignored the Rule 34 time requirement of 30 days and the Defendants offer to extend the time for compliance. As of the date of this motion, the Plaintiff has failed to answer the Rule 34 Request.

Additionally, the Defendants request an order compelling the Plaintiff to provide complete answers to Rule 33 Interrogatories. The interrogatories are incomplete as identified in paragraph 4 of this motion.

12. Pursuant to Rule 37(a)(5)(A), the Defendants request reasonable expenses and attorneys' fees as a sanction due to the Plaintiff's failure to comply the Rule 33 and 34 discovery requests.

WHEREFORE, the Defendants requests that the Plaintiff's complaint be dismissed pursuant to Rule 37(b)(2)(A) for the Plaintiff's willful failure to comply with the Court's order of April 22, 2015. Alternatively, the Defendants request that the Court enter an order compelling the Plaintiff to comply with the Court's order of April 22, 2015, and the Defendants' Rule 33 and 34 discovery requests. The Defendants further request the award of reasonable expenses and attorney fees incurred by the Defendants to bring this motion pursuant to Rule 37.

Pappas Davidson O'Connor & Fildes, P.C.


   ***/s/ Gerald Cleary***

Gerald Cleary # 6201000
One of the Attorneys for Defendants


Gerald Cleary
Jeffrey D. Wright
Pappas, Davidson, O'Connor & Fildes
900 West Jackson Blvd.
Chicago, Illinois 60607
(312) 421-5960
FAX (312) 421-5310
gcleary@pdoflegal.com
jwright@pdoflegal.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A hard copy has also been sent to Plaintiff via U.S. Mail on March 16, 2015 at the following address:

ATTN: DeAndre R. Watkins; Prison ID# R72643
Sheridan Correctional Center
4017 E. 2603 Rd.
Sheridan, IL 60551


   ***/s/ Jeffrey D. Wright***